**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0035-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MATEO FRANCISCO-ACOSTA,

    Defendant-Appellant.

_____

Submitted November 16, 2021 – Decided December 30, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 03-09-1231.

Raymond S. Santiago, attorney for appellant.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant Mateo Francisco-Acosta appeals from the July 24, 2020 order of the Law Division denying his fourth petition for post-conviction relief (PCR). We affirm.

I.

In 2003, a grand jury indicted defendant, charging him with: (1) third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3) (count two); and second-degree possession of a firearm while engaged in drug activity, N.J.S.A. 2C:35-5 and N.J.S.A. 2C:39-4.1(a) (count three).

On November 13, 2003, pursuant to an agreement, defendant entered a guilty plea to counts two and three of the indictment. Defendant, who is not a United States citizen, was represented by counsel. Next to the question "[d]o you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" the plea form has the entry "N/A." The entry was made by defendant's attorney who was at the time in possession of a police report indicating that defendant is not a United States citizen.

On January 16, 2004, the court sentenced defendant pursuant to the agreement to an aggregate five-year term of imprisonment. The State agreed to

dismiss count one of the indictment, along with all charges arising from the same incident against co-defendant Zulma Baez, who was defendant's girlfriend.

On July 19, 2004, defendant filed a petition for PCR. He alleged that the trial court failed to elicit a sufficient factual basis to accept his guilty plea to the weapons charge. The trial court denied defendant's first PCR petition on August 25, 2004. Defendant did not appeal from the denial of his first PCR petition.

On July 26, 2004, while defendant's first PCR petition was pending, he received a notice from the Immigration and Naturalization Service (INS) that he was subject to deportation as a result of his guilty plea.

On April 21, 2006, defendant filed his second PCR petition. On April 25, 2006, the trial court denied defendant's second PCR petition pursuant to Rule 3:22-4 because the claims he raised could have been, but were not, raised in the first PCR petition.

On May 11, 2006, defendant moved to reconsider the order denying his second PCR petition, arguing that his plea counsel was ineffective because he did not advise him of the risk of deportation from the guilty plea.

On December 8, 2006, the trial court held an evidentiary hearing on defendant's motion. On December 19, 2006, the trial court denied defendant's motion.

A-0035-20

We affirmed the denial of defendant's second PCR petition. State v. Francisco-Acosta, No. A-2075-06 (Oct. 9, 2007). We held that

> [a]lthough we agree with defendant that the evidence adduced at the PCR hearing permitted no finding except that defendant's attorney should have but failed to advise of the deportation consequences of defendant's guilty plea, we conclude there was ample evidence to support the judge's findings that, even if proper advice had been provided, it was not reasonable to believe that defendant would have decided to go to trial.

Our conclusion was based on the strength of the evidence against defendant and the dismissal, as part of the agreement, of charges against Baez. The Supreme Court denied defendant's petition for certification. State v. Francisco-Acosta, 194 N.J. 445 (2008).

On December 7, 2011, defendant filed a third PCR petition alleging he received ineffective assistance of counsel with respect to his first PCR petition. On August 6, 2015, the trial court denied defendant's third PCR petition.[1]

On August 11, 2016, defendant received a notice to appear for his removal in immigration court. That proceeding was terminated without prejudice

---

[1] The delay in resolution of defendant's third PCR petition appears to have been the result of a stay of proceedings to await the outcome in State v. Gaitain, 209 N.J. 339 (2012).

A-0035-20

because of a defect in the notice. On October 12, 2018, defendant received a second notice to appear for his removal in immigration court.

On September 4, 2019, defendant filed a fourth PCR petition reiterating the claims he alleged in his second petition. On December 2, 2019, the trial court ordered defendant to show cause why his fourth PCR petition should not be dismissed as untimely pursuant to Rule 3:22-4(b) and Rule 3:22-12(a)(2).

On July 24, 2020, Judge Guy P. Ryan issued an order and written opinion concluding defendant's fourth PRC petition was untimely. The judge rejected defendant's argument that his receipt of the October 12, 2018 notice to appear for his removal was a new factual predicate on which he sought relief, triggering a one-year period to file the fourth PCR petition under Rule 3:22-12(a)(2)(B). To the contrary, the judge found that defendant was aware he was facing deportation when he received the July 26, 2004 notice from the INS. Judge Ryan concluded that "it is not the date of court notice for immigration court that controls in this matter, but the date upon which petitioner became aware of the potential immigration consequences" of his guilty plea.

In addition, Judge Ryan concluded that defendant's fourth PCR petition was procedurally barred by Rule 3:22-5 because his claims of ineffective assistance of plea counsel were raised and decided in his second PCR petition.

A-0035-20

Finally, the judge concluded that the court did not have the authority to relax the rules to enlarge the time in which defendant could file his fourth PCR petition. See State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (holding that "enlargement of Rule 3:22-12's time limits is absolutely prohibited.") (quotations omitted). Judge Ryan noted that a defendant's alleged excusable neglect in making a timely filing may be considered only to extend the time in which to file a first PCR petition. See Rule 3:22-12(a)(1)(A).

This appeal followed. Defendant makes the following arguments.

POINT I

THE TRIAL COURT ERRED WHEN IT DISMISSED THE FOURTH PCR MOTION AS BEING UNTIMELY.

POINT II

THE DEFENDANT'S TRIAL ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL RENDERING HIS PLEA DEFECTIVE.

POINT III

THE TRIAL COURT FAILED TO WARN THE DEFENDANT ABOUT THE CONSEQUENCES UPON HIS IMMIGRATION STATUS AT THE TIME OF HIS GUILTY PLEA OR SENTENCING (Not Raised Below).

A-0035-20

## II.

We find insufficient merit in these arguments to warrant extended discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm the July 24, 2020 order substantially for the reasons expressed in the thorough and comprehensive written opinion of Judge Ryan.  We add only the following brief comments.

Rule 3:22-4(b) requires that a second or subsequent PCR petition be dismissed unless it is timely filed in accordance with Rule 3:22-12(a)(2).  That Rule provides that a second or subsequent PCR petition must be filed within one year of the latest of one of three events.  See Rule 3:22-12(a)(2)(A)-(C).  Defendant argues that subsection (B) of the rule applies because the October 12, 2018 notice to appear for his removal is a "factual predicate for . . . relief" that "could not have been discovered earlier through the exercise of reasonable diligence . . . ."  R. 3:22-12(a)(2)(B).  We agree with Judge Ryan's well-supported conclusion that defendant was aware of the potential immigration consequences of his guilty plea when he received the July 26, 2004 notice from the INS, and the 2018 notice, which cured a procedural defect in the prior notices sent to defendant, does not constitute a previously undiscoverable fact triggering a new one-year period to file a second or subsequent PCR petition.

A-0035-20

Defendant's knowledge of the potential immigration consequences of his guilty plea prior to his receipt of the 2018 notice is amply illustrated by the fact that defendant raised his trial counsel's failure to advise him of that very issue in his second PCR petition, which was decided by the trial court and affirmed by this court. As Judge Ryan found, defendant's fourth PCR petition raises the same claims of ineffective assistance of counsel he asserted in his second petition. This constitutes an independent basis for dismissal of the fourth petition under Rule 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0035-20